UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

LOCAL 307, NATIONAL POSTAL
MAIL HANDLERS UNION,
LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA AFL-
CIO,

    Defendant.
_____/

Civil No. 16-13455

Honorable
Mag. Judge

COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 ("LMRDA or Act").

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue is proper under 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b) because the claims alleged herein arose in the Eastern District of Michigan.

## PARTIES

4. Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of the Act, 29 U.S.C. § 482(b).

5. Defendant is a local labor organization that is located in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act (29 U.S.C. § 402(i) and (j) and 481(b)).

7. Defendant conducted an election of officers that concluded on February 26, 2016. Said election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. James Haggarty, a member in good standing of the Defendant, protested the election in a letter dated March 5, 2016. The letter was delivered by email to the NPMHU National President on March 6, 2016.

9. Haggarty subsequently filed amended protests on March 9, 21, and 24, 2016. Each of the amended protests was emailed to the NPMHU National President.

10. Haggarty timely exhausted remedies available to him under the Defendant's constitution and bylaws.

11. On July 4, 2016, Haggarty filed a timely complaint with the Secretary of Labor in accordance with section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

12. By letter signed August 18, 2016, the Defendant agreed that the time within which the Plaintiff could bring suit regarding the February 26, 2016 election would be extended to September 23, 2016.

13. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's February 26, 2016, election; and (2) that such violation had not been remedied at the time of the institution of this action.

14. On February 9, 2016, Defendant, through its contractor, Island Press, mailed ballot packages to eligible members.

15. On February 26, 2016, the Defendant collected 289 ballot return envelopes from the designated post office box, tallied the ballots, and announced the results of the election.

16. More than one hundred ballot return envelopes were postmarked in sufficient time to have been delivered to Defendant's designated post office box prior to the election tally. These ballots were never counted by the Defendant.

17. A tray of 67-80 ballot return envelopes was discovered after the election in Section 010, the mail handlers' work area.  The location of these ballots was inconsistent with the normal flow of mail.  Upon information and belief, these ballot returned envelopes were never counted because they had been intentionally misdirected.

18. The successful candidate for President won the election by 33 votes; two contested races were decided by 29 votes or less; three other contested races were decided by fewer than seven votes; and the contested race for the office of Branch President (Grand Rapids) resulted in a tie vote.

## VIOLATIONS OF LMRDA

19. Paragraph 1 – 18 are re-alleged and incorporated into this paragraph by reference.

20. Section 401(e) of the LMRDA, 29 U.S.C. § 481(e), requires that every union member shall have the right to vote in a union election.

21. Defendant violated section 401(e) during the February 26, 2016 election when it denied eligible members the right to vote.

22.  Section 401(c) of the LMRDA, 29 U.S.C. § 481(c), provides that adequate safeguards to insure a fair election must be provided in every union election subject to the statute.

23.  Defendant violated section 401(c) when it failed to provide adequate safeguards to ensure a fair election on February 26, 2016.

24.  Defendant violated section 401 (c) when voted ballots that were postmarked in sufficient time to have been delivered to the union's post office box were never counted.

25.  Defendant violated section 401 (c) when voted ballots were inexplicably delayed, received after the deadline, and not included in the ballot tally.

26.  The violations of sections 401(e) and (c), 29 U.S.C. §§ 481(e) and (c), may have affected the outcome of the Defendant's election for the offices of President, Vice President, Recording Secretary, Treasurer, State Executive Board Member, Branch President, Detroit NDC, and Branch President, Grand Rapids.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enters an Order that:

(a)  Declares that the February 26, 2016, election of union officers conducted by the Defendant for the offices of President, Vice President, Recording Secretary, Treasurer, State Executive Board Member, Branch President, Detroit Network Distribution Center (NDC), and Branch President, Grand Rapids, is void;

(b)  Directs the Defendant to conduct a new election for those offices under the supervision of the Plaintiff; and

(c)  Award Plaintiff's costs of this action; and such additional relief as may be appropriate.

    Respectfully submitted,

    BENJAMIN C. MIZER
    Principal Deputy Assistant Attorney General

    BARBARA L. McQUADE
    United States Attorney

    */s/ Vanessa M. Mays*
    VANESSA M. MAYS (P34725)
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, Michigan 48226
    (313) 226-9762
    vanessa.mays@usdoj.gov

Dated: September 23, 2016

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

BRENDA J. STOVALL
Attorney

U.S. Department of Labor