UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

LOCAL 307, NATIONAL POSTAL MAIL HANDLERS UNION, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA AFL-CIO,

    Defendant.

Civil No. 16-13455

Honorable Stephen J. Murphy, III
Mag. Judge Elizabeth A. Stafford

## Consent Decree and Order

This Consent Decree resolves a civil action brought by Plaintiff, R. Alexander Acosta, Secretary of Labor, (the Secretary) against Defendant National Postal Mail Handlers Union, Local 307 to enforce the provisions of Title IV of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, *et seq.*, (LMRDA).

### I. Background

A. In his Complaint, the Secretary alleges that Defendant violated sections 401(c) and 401(e) of the LMRDA, by failing to provide adequate safeguards to

ensure a fair election on February 26, 2016. He further claims that Defendant denied members in good standing their right to vote.

    B. Defendant has denied the allegations and claims in this action.

    C. The Secretary and Defendant (collectively "the parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Secretary's Complaint.

## II. Findings

Having examined the provisions of this Consent Decree and Order, the Court finds the following:

1. The Court has jurisdiction over the subject matter of this action and the parties to this action.
2. Venue is proper in this district for purposes of entering this Consent Decree and Order and any proceedings related to this Consent Decree and Order.
3. This Consent Decree and Order is in the best interest of the Parties.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ORDERS THE FOLLOWING:

### III. Specific Remedial Relief

1.     Defendant will conduct, under the supervision of the Secretary of Labor, new nominations and a new mail ballot election for the offices of President, Vice President, Recording Secretary, Treasurer, State Executive Board Member, Branch President, Detroit Network Distribution Center (NDC), and Branch President, Grand Rapids, and a run-off election if necessary to be completed no later than April 16, 2018.

2.     The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 § U.S.C. 481, et seq.) and, insofar as lawful and practicable, and except as otherwise provided herein in accordance with the Constitution of the National Postal Mail Handlers Union and the Uniform Local Union Constitution of the National Postal Mail Handlers Union.

3.     The candidate for each office who receives a plurality of valid votes cast will be declared elected and installed to that office after the passage of at least 72 hours from close of the ballot tally for the remainder of the current term to expire on March 16, 2019. Upon such installation, the term of the current occupant of any given office shall be deemed to expire.

4.     In the event of a tie between two or more candidates receiving the largest number of votes, a runoff election will be held among the tied candidates only.

5.  The Secretary and his representatives shall designate a mailing address in Southfield, Michigan to serve as the repository for the return of voted ballots. In the event that a Southfield postal address is not available, the Secretary will designate another mailing address located within the Eastern District of Michigan, Southern Division.

6.  All decisions as to the interpretation or application of Title IV of the LMRDA, and the National Postal Mail Handlers Union's Constitution and its Uniform Local Union Constitution relating to the supervised election are to be determined by the Secretary and his decision shall be final, subject to challenge in this court.

7.  Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 15 days after the completion of the ballot tally. In the event a violation affecting the outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election. Candidate eligibility for any such rerun of the supervised election will be based on eligibility at the time of the original nominations for the supervised election.

8.  The Court shall retain jurisdiction of this action pending completion of the supervised election. After the completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the

name of the persons elected to serve as the duly elected officers of Local 307 for the remainder of the current term to expire on March 16, 2019.

9. The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, and except as otherwise provided herein in accordance with the provisions of the Defendant's Constitutions.

10. Upon approval of the certification, the Court shall enter a final judgement declaring that such persons have been elected as shown by the certification.

11. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

### IV. Implementation and Enforcement

1. Failure by the Secretary or the Defendant to enforce any provision of this Consent Decree shall not be construed as a waiver of the Secretary's or the Defendant's right to enforce any provisions of this Decree.

2. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

3. This Consent Decree shall be binding upon the Secretary, the Defendant, their agents, and their employees. The signatory to this document in a

representative capacity for the Defendant represents that he is authorized to bind the Defendant to this Consent Decree.

The effective date of this Consent Decree is the date the Court enters the Decree.

**SO ORDERED**.

Dated: August 23, 2017　　　　　　　　　s/Stephen J. Murphy, III
　　　　　　　　　　　　　　　　　　　STEPHEN J. MURPHY, III
　　　　　　　　　　　　　　　　　　　United States District Judge

| Agreed and Consented to on behalf of Plaintiff: | Agreed and Consented to on behalf of Defendant: |
|---|---|
| **DANIEL L. LEMISCH**<br>Acting United States Attorney | |
| */s/ Vanessa M. Mays* <br>**VANESSA M. MAYS**<br>**Bar No. P34725**<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, Michigan  48226<br>Phone: (313) 226-9762<br>E-mail: vanessa.mays@usdoj.gov | */s/ Michael L. O'Hearon (with consent)* <br>**MICHAEL L. O'HEARON**<br>**Bar No. P59380**<br>Michael L. O'Hearon, PLC<br>40800 Five Mile Road – Suite B<br>Plymouth, MI.  48170<br>Phone: (734) 437-3073<br>E-mail:mlohearon@hotmail.com |